UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| COALITION FOR FAIR TRADE IN SHOPPING BAGS,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES,<br><br>　　　　　　Defendant. | Court No. 24-00158 |

# COMPLAINT

　　　　Plaintiff Coalition For Fair Trade in Shopping Bags ("Plaintiff" or "the Coalition") brings this action to contest the final determination of the antidumping investigation issued by the International Trade Administration, United States Department of Commerce ("Commerce"), entitled *Certain Paper Shopping Bags From Portugal: Final Affirmative Determination of Sales at Less Than Fair Value,* 89 Fed. Reg. 45845 (Dep't Commerce May 24, 2024) and accompanying Decision Memorandum (the "*Contested Determination*"). By and through counsel, Plaintiff alleges the following:

## JURISDICTION

　　　　1.　　　Plaintiff brings this action pursuant to section 516A(a)(2)(A)(i)(II) of the Tariff Act of 1930, as amended ("the Act"), 19 U.S.C. § 1516a(a)(2)(A)(i)(II), to review certain aspects of the *Contested Determination*, which was issued pursuant to 19 U.S.C. § 1673d and is described in section 516A(a)(2)(B)(i) of the Act, 19 U.S.C. § 1516a(a)(2)(B)(i).

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING OF PLAINTIFF

3. Plaintiff is an association comprised of Novolex Holdings, LLC (a domestic producer of paper shopping bags) and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (a certified union whose workers who are engaged in the production of paper shopping bags). Plaintiff is thus an "interested party" pursuant to 19 U.S.C. §1677(9)(F) and 19 U.S.C. § 1516a(f)(3). In addition, Plaintiff actively participated as the petitioner in the antidumping investigation that gave rise to the *Contested Determination*. Plaintiff, therefore, is an interested party who was party to the proceeding in connection with the *Contested Determination* within the meaning of 19 U.S.C. § 1516a(a)(2)(A).

4. Accordingly, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5. Commerce published the *Contested Determination* in the Federal Register on May 24, 2024. *Certain Paper Shopping Bags From Portugal: Final Affirmative Determination of Sales at Less Than Fair Value,* 89 Fed. Reg. 45845 (Dep't Commerce May 24, 2024).

6. On July 18, 2024, Commerce published an antidumping order based upon the *Contested Determination*. *Certain Paper Shopping Bags From Cambodia, Colombia, India, Malaysia, Portugal, Taiwan, the People's Republic of China, and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 89 Fed. Reg. 58334 (Dep't Commerce July 18, 2024).

7. On August 16, 2024, Plaintiff initiated this action in accordance with sections 516A(a)(2)(A)(i)(II) and 516A(a)(2)(B)(i) of the Act, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(i), by the filing of a summons within 30 days after publication in the Federal Register of the antidumping order based upon the *Contested Determination*.

8. Plaintiff files this Complaint within the time specified in section 516A(a)(2)(A) of the Act, 19 U.S.C. § 1516a(a)(2)(A), and 28 U.S.C. § 2636(c), which is within 30 days of the filing of the Summons.

## FACTUAL BACKGROUND

9. Commerce initiated this antidumping investigation on June 20, 2023. *Certain Paper Shopping Bags From Cambodia, the People's Republic of China, Colombia, India, Malaysia, Portugal, Taiwan, the Republic of Turkey, and the Socialist Republic of Vietnam: Initiation of Less-Than-Fair-Value Investigation*s, 88 Fed. Reg. 41589 (Dep't Commerce June 27, 2023). Commerce selected Finieco Industria e Comercio de Embalagens, SA ("Finieco") as a mandatory respondent. *Certain Paper Shopping Bags From Portugal: Preliminary Affirmative Determination of Sales at Less Than Fair Value*, 89 Fed. Reg. 341 (Dep't Commerce Jan. 3, 2024).

10. In its final determination, Commerce made an affirmative finding of dumping with respect to Finieco. *Certain Paper Shopping Bags From Portugal: Final Affirmative Determination of Sales at Less Than Fair Value,* 89 Fed. Reg. 45845 (Dep't Commerce May 24, 2024).

11. In this action, Plaintiff contests certain aspects of the antidumping margin calculations with respect to Finieco and, in turn, with respect to the "all others" rate based on the margin calculated for Finieco.

## STATEMENT OF THE ISSUES

**12.** In the following respects and for other reasons apparent from the record of the proceeding, the *Contested Determination* is unsupported by substantial evidence on the record or is otherwise not in accordance with law. *See* U.S.C. § 1516a(b)(1)(B)(i).

## COUNT I
### FAILURE TO TREAT CERTAIN FIXED PAYMENTS TO SALES EMPLOYEES AS INDIRECT SELLING EXPENSES

**13.** Paragraphs 1 through 12, above, are realleged and reincorporated herein.

**14.** Finieco compensated its sales staff in Portugal, in part, by making certain fixed payments that were not directly tied to the value of each employee's home market sales, but which Finieco reported in its response as "fixed commissions" in a field entitled "COMM2H." Because these payments were not directly tied to individual sales, they should not have been treated as commissions or any type of direct selling expense under 19 C.F.R. § 351.410(c). Instead, these expense should have been reclassified in the final determination as indirect selling expenses.

**15.** In the *Contested Determination*, Commerce treated the "fixed commissions" as direct selling expenses, because it found that the payments were dependent on personnel making sales and that they could be linked to specific sales. Decision Memorandum at 9-13. Commerce's findings, however, are based on a misunderstanding of the factual record, and they are unsupported by substantial evidence. Moreover, as a policy matter, Commerce's erroneous decision to treat the "fixed commissions" as direct selling expenses would enable respondents artificially to structure their compensation practices so as to manipulate dumping margins, such as by characterizing payments as "bonuses" to personnel making export sales and as "fixed

commissions" to personnel making home market sales.

16. Commerce's decision to treat the COMM2H amounts as direct selling expenses, rather than indirect selling expenses, was unsupported by substantial evidence and was not in accordance with law.

## COUNT II
## RECALCULATION OF THE "ALL OTHERS" RATE

17. Paragraphs 1 - 16 are incorporated herein by reference.

18. In the *Contested Determination*, the "all others" rate assigned to exporters other than Finieco was understated because that rate was based on the 6.14 percent final margin calculated for Finieco. If at the conclusion of this litigation Finieco's margin is revised, the "all others" rate should be recalculated in accordance with law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

19. Paragraphs 1 - 18 are incorporated herein by reference.

20. For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

(a) enter judgment in its favor;

(b) declare that, with respect to the issues raised in this Complaint, the *Contested Determination* is unsupported by substantial evidence on the record and is otherwise not in accordance with law;

(c) remand the matter to Commerce for redetermination consistent with the Court's opinion; and

(d) provide such other relief as the Court deems just and proper.

|  | Respectfully submitted, |
|---|---|
| September 12, 2024<br>Date | /s/ J. Michael Taylor<br>J. Michael Taylor<br>JMTaylor@KSLAW.com<br><br>Daniel L. Schneiderman<br>DSchneiderman@KSLAW.com<br><br>King & Spalding LLP<br>1700 Pennsylvania Avenue, NW<br>Washington, DC  20006-4706<br>(202) 737-0500<br><br>*Counsel for Plaintiff* |

## CERTIFICATION OF SERVICE
*Coalition For Fair Trade in Shopping Bags v. United States*
Court No. 24-cv-00158

    This is to certify that on September 12, 2024 I have caused a copy of the foregoing **COMPLAINT** to be served upon the following parties via certified mail, return receipt requested, at the following addresses:

Daniel Bertoni
**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Leslie Kiernan
General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, N.W.
Room 5875
Washington, DC 20230

Robert Heilferty, Chief Counsel
Office of the Chief Counsel for Trade
Enforcement & Compliance
**U.S. Department of Commerce**
1401 Constitution Avenue, NW.
Washington, DC 20230-0001

Jonathan Zielinski, Esq.
**Cassidy Levy Kent (USA) LLP**
2112 Pennsylvania Ave NW
Suite 300
Washington, DC 20037

Caitlin Hickey
**European Commission**
**Delegation of the European Union**
2175 K St NW
Washington DC 20037

Robert A. Shapiro
**Thompson Coburn LLP**
1909 K Street, NW
Washington DC 20006

Matt Nakachi
**Nakachi Eckhardt & Jacobson, P.C.**
50 California Street, Suite 1500
San Francisco, CA 94111

                                            */s/ Daniel L. Schneiderman*
                                            Daniel L. Schneiderman
                                            KING & SPALDING LLP
                                            1700 Pennsylvania Avenue, NW
                                            Washington, DC 20006
                                            (202) 737-0500

49466032v9